**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CANDICE A. HENRY,

Plaintiff,

vs.

JO ANNE B. BARNHART,

Defendant.

CASE NO. 04cv1892WQH

ORDER

HAYES, Judge,

The matter before the court is the review of the Report and Recommendation (Doc. #28) filed on February 17, 2007 by United States Magistrate Judge Cathy Ann Bencivengo recommending Plaintiff's motion for reversal and/or remand (Doc. #22) should be denied and Defendant's cross-motion for summary judgment (Doc. #26) should be granted.

**BACKGROUND**

On September 14, 1999, Plaintiff was found disabled and entitled to Social Security Income benefits based upon disorders of the back with an onset date of April 7, 1998. Plaintiff was post motor vehicle accident which has occurred on April 7, 1998 and experienced discomfort in her neck, right arm, low back, and intermittent headaches. Disability was based upon a finding of less than sedentary residual functional capacity.

On March 3, 2002, Plaintiff was notified that a continuing disability review would be performed.

On June 7, 2002, a determination was made that Plaintiff was no longer disabled within

the meaning of the Social Security Act. Plaintiff requested reconsideration and a hearing was held before a Disability Hearing Officer on October 29, 2002.

On November 15, 2002, the Disability Hearing Officer determined that Plaintiff was no longer disabled because she had experienced medical improvement such that she could engage in substantial gainful activity. Plaintiff requested a hearing before an Administrative Law Judge (ALJ) which was held on June 3, 2003.

On October 22, 2003, the ALJ issued a decision finding that Plaintiff was no longer disabled as of June 2, 2002. After review of the medical evidence and the testimony of the Plaintiff, the ALJ found that Plaintiff had experienced medical improvement related to her ability to work. The ALJ concluded that Plaintiff's residual functional capacity had improved to the extent that she can perform her past relevant work as a parts sales person. This decision became the final decision of the Commissioner when the Appeals Council declined to review.

On September 20, 2004, Plaintiff filed this action pursuant to Section 405(g) of the Social Security Act seeking judicial review of the final decision of the Commissioner.

On September 23, 2004, this Court referred the matter to the Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

On June 12, 2006, Plaintiff moved for an order reversing the decision of the Commissioner and remanding to the Commissioner. Plaintiff asserted that the ALJ failed to fully develop the record; that the Appeals Council failed to remand in light of new evidence; and that the ALJ failed to evaluate her ability to perform all of the duties of her past work.

On July 7, 2006, Defendant moved the court for an order affirming the decision on the grounds that it is supported by substantial evidence in the record and free of legal error.

On February 16, 2007, the Magistrate Judge issued a Report and Recommendation recommending that this Court deny Plaintiff's motion for reversal and/or remand (#22) and grant Defendant's motion for summary judgment (#26). The Report and Recommendation concluded that the ALJ properly developed the record, that the Appeals Council properly considered the medical source opinion of Dr. Springer dated February 13, 2004; and that the Commissioner properly concluded that Plaintiff could return to work. The Report and

Recommendation ordered the parties to file written objections no later than March 5, 2007. No objections were filed.

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b). The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The failure to file objections relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*. *Brilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

**RULING OF THE COURT**

After thorough consideration of the findings of fact and *de novo* review of all conclusions of law, the Court adopts all portions of the Report and Recommendation filed on February 16, 2007 except for the section entitled "**2. The Appeals Council properly rejected Dr. Springer's opinion"** beginning on page 14 line 23 through page 16 line 10 and supplements the Report and Recommendation as follows:

2. The Appeals Council properly rejected Dr. Springer's opinion

Plaintiff contends that the Appeals Council should have remanded her claim to the ALJ to consider new evidence from her treating physician, Dr. Springer dated February 13, 2004. Plaintiff asserts that the Appeals Council did not give proper weight to the opinion of her treating physician and failed to articulate specific and legitimate reasons for rejecting Dr. Springer's opinion. Defendant contends that there is no evidence in the record that Dr. Springer was Plaintiff's treating physician and that the Appeals Council provided specific and legitimate reasons for finding that this new evidence did not provide a basis for changing the decision of the ALJ.

Cases in the Court of Appeals for the Ninth Circuit distinguish among the opinions of three types of physicians and give varying weight to their opinions: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining

physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The opinion of a treating physician is entitled to greater weight than the opinion of non-treating physicians because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citations omitted). "Likewise, greater weight is accorded to the opinion of an examining physician than a non-examining physician." *Id*.

An acceptable treating source is one who has provided the claimant with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with the claimant. 20 C.F.R. §404.1502 (2002). In order to determine whether a treating source should be accorded "treating source" status, "the ALJ must explore whether his treatment relationship, individually and as a representative of a treatment team, was consistent with accepted medical practice for the type of treatment required for [claimant's] medical condition." *Benton v. Barnhart*, 331 F.3d 1030, 1041 (9th Cir. 2003).

Plaintiff in this case submitted a four page medical capacities form to the Appeals Council from Roy C. Springer, M.D. dated February 13, 2004, three months after the ALJ's decision. (Tr. 426-429.) Dr. Springer noted that Plaintiff had a medical condition that prevented her from performing certain tasks and that Plaintiff is "unable to work." (Tr. 426.) Dr. Springer indicated that Plaintiff could not work for a full eight hour day and could not operate a computer mouse. The report indicates that "the patient is actively seeking treatment" and leaves blank the line for "Next Appointment Date." (Tr. 426.) The report does not include any treatment or examination notes.

The Appeals Council stated that the medical report by Dr. Springer "does not provide a basis for changing the Administrative Law Judge's decision. The Appeals Council considered the medical source opinion by Dr. Roy C. Springer. The opinion was not supported by any treatment or progress notes or records of any clinical or laboratory tests. Although x-rays were mentioned, there is no record of recent x-rays in the record." (Tr. 8-9.) Assuming that Dr. Springer was a treating physician, this Court concludes that the Appeals Council

provided specific, legitimate reasons for concluding that the new evidence does not provide a basis for changing the decision of the ALJ. The medical capacities form dated three months after the decision of the ALJ provides conclusory information unsupported by clinical findings. The Court finds that the Appeals Council was not required to remand the case to the ALJ for consideration of the report by Dr. Springer in light of the specific and legitimate reasons stated by the Appeals Council, and the substantial evidence in the record that Plaintiff had experienced medical improvement related to her ability to work and could perform the exertional requirements of light work. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (the Commissioner may not reject the opinion of a treating doctor which is contradicted by another doctor without providing specific and legitimate reasons); *Matthews v.* Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (if a treating physician's opinion on the issue of disability is controverted, the ALJ must provide specific and legitimate reasons in order to reject the opinion); *see also Marci v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (medical report issued after the Commissioner's decision is less persuasive).

The Court concludes that the decision of the ALJ that Plaintiff was no longer under a disability as of June 1, 2002, when her disability ceased and no longer entitled to Social Security benefits was free of legal error and supported by substantial evidence.

IT IS HEREBY ORDERED that (1) the Court adopts all portions of the Report and Recommendation (Doc. # 28) filed on February 16, 2007 except for the section entitled "**2. The Appeals Council properly rejected Dr. Springer's opinion"** beginning on page 14 line 23 through page 16 line 10; (2) Plaintiff's motion for reversal and/or remand (Doc. #22) is denied; and (3) Defendant's motion for summary judgment (Doc. #26) is granted. The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff.

DATED: March 8, 2007

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge